**ORIGINAL**

FILED IN OPEN COURT
U.S.D.C. - Atlanta

JUN 04 2024

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CHARLES DUNN, A/K/A SILK;<br>ROYCE COBB, A/K/A RAPP;<br>ADAN MACEDO-RIOS;<br>ALBERTO ALEJANDRO TRUJILLO-GARCIA;<br>AFIBA SMALL JOHN, A/K/A FEEBS;<br>STEPHEN ALLEN;<br>ERNEST MORDEAU DEAS, A/K/A SHORTY;<br>WILLIAM LOWERY III;<br>JAMES VEREEN, A/K/A BONE;<br>DWIGHT DICKERSON, A/K/A/ D-LITE;<br>REYNAUD CHANDLER, A/K/A FREEZE;<br>LUIS MENDEZ;<br>LETICIA EVANS DUNN; AND<br>DAISY MACEDO RIOS | Criminal Indictment<br><br>No. 1:23-CR-229<br><br>(First Superseding)<br><br><br>**Under Seal** |

THE GRAND JURY CHARGES THAT:

**Count One**
**(Conspiracy to Possess with Intent to Distribute Controlled Substances**
**21 U.S.C. § 846)**

Beginning on a date unknown, but at least as of in or about January 2022, and continuing until on or about July 11, 2023, in the Northern District of Georgia and elsewhere, the defendants,

CHARLES DUNN, A/K/A SILK,
ROYCE COBB, A/K/A RAPP,

ADAN MACEDO-RIOS,
ALBERTO ALEJANDRO TRUJILLO-GARCIA,
AFIBA SMALL JOHN, A/K/A FEEBS,
STEPHEN ALLEN,
ERNEST MORDEAU DEAS, A/K/A SHORTY,
WILLIAM LOWERY III,
JAMES VEREEN, A/K/A BONE,
DWIGHT DICKERSON, A/K/A/ D-LITE,
REYNAUD CHANDLER, A/K/A FREEZE,
LUIS MENDEZ, AND
LETICIA EVANS DUNN,

did knowingly and willfully combine, conspire, confederate, agree and have a tacit understanding with each other, and with others known and unknown to the Grand Jury, to violate Title 21, United States Code, Section 841(a)(1), that is, to knowingly and intentionally possess with intent to distribute controlled substances, said conspiracy involving:

- at least five kilograms of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, pursuant to Title 21, United States Code, Section 841(b)(1)(A), as to defendants CHARLES DUNN, A/K/A SILK, ROYCE COBB, A/K/A RAPP, ADAN MACEDO-RIOS, ALBERTO ALEJANDRO TRUJILLO-GARCIA, ERNEST MORDEAU DEAS, A/K/A SHORTY, WILLIAM LOWERY III, AND JAMES VEREEN, A/K/A BONE,

- at least 40 grams of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide (fentanyl), a Schedule II controlled substance, pursuant to Title 21,

2

United States Code, Section 841(b)(1)(B), as to defendant CHARLES DUNN, A/K/A SILK,

- at least 500 grams of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, pursuant to Title 21, United States Code, Section 841(b)(1)(B), as to defendants AFIBA SMALL JOHN, A/K/A FEEBS, STEPHEN ALLEN, DWIGHT DICKERSON, A/K/A/ D-LITE, REYNAUD CHANDLER, A/K/A FREEZE, AND LUIS MENDEZ,

- a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, pursuant to Title 21, United States Code, Section 841(b)(1)(C), as to defendant LETICIA EVANS DUNN, and

- a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide (fentanyl), a Schedule II controlled substance, pursuant to Title 21, United States Code, Section 841(b)(1)(C), as to defendant LETICIA EVANS DUNN,

all in violation of Title 21, United States Code, Section 846.

**Count Two**
**(Conspiracy to Commit Hobbs Act Robbery**
**18 U.S.C. § 1951(a))**

Beginning on a date unknown, but at least as of on or about February 26, 2023, and continuing until on or about March 9, 2023, in the Northern District of Georgia, the defendants,

3

CHARLES DUNN, A/K/A SILK,
ADAN MACEDO-RIOS,
AFIBA SMALL JOHN, A/K/A FEEBS, AND
STEPHEN ALLEN,

did willfully and unlawfully combine, conspire, confederate, agree, and have a tacit understanding with each other and with others known and unknown to the Grand Jury, to obstruct, delay, and affect commerce by means of robbery, as that term is defined in Title 18, United States Code, Section 1951, by knowingly and unlawfully taking and obtaining property, said property consisting of controlled substances and United States currency, from the person of and presence of J.C., against his will, by means of actual and threatened force, violence, and fear of injury to his person, property, and property in his custody and possession, all in violation of Title 18, United States Code, Section 1951(a).

## Count Three
### (Conspiracy to Import Controlled Substances
21 U.S.C. § 963)

Beginning on a date unknown, but at least as of in or about December 2022, and continuing to on or about July 11, 2023, in the Northern District of Georgia and elsewhere, the defendants,

CHARLES DUNN A/K/A SILK, AND
ERNEST MORDEAU DEAS A/K/A SHORTY,

did knowingly and willfully combine, conspire, confederate, agree and have a tacit understanding with each other, and with others known and unknown to the Grand Jury, to violate Title 21, United States Code, Sections 952(a) and 960(a)(1), that is, to knowingly and intentionally import a controlled substance into the

4

United States from a place outside thereof, said conspiracy involving at least five kilograms of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, pursuant to Title 21, United States Code, Section 960(b)(1)(B), all in violation of Title 21, United States Code, Section 963.

### Count Four
### (Continuing Criminal Enterprise
### 21 U.S.C. § 848)

Beginning on a date unknown, but at least as of in or about January 2022, and continuing until on or about July 11, 2023, in the Northern District of Georgia and elsewhere, the defendant,

CHARLES DUNN, A/K/A SILK,

did knowingly and intentionally engage in a continuing criminal enterprise in that he knowingly and intentionally violated Title 21, United States Code, Sections 841(a)(1) and 846, which violations include, but are not limited to, the violation alleged in Count 1 (Conspiracy to Possess with Intent to Distribute a Controlled Substance), the violation alleged in Count 3 (Conspiracy to Import a Controlled Substance), the substantive violations alleged in Counts 5, 6, 7, 9, 12, 13, 14, 15, 16, and 17 (Possession with Intent to Distribute a Controlled Substance), and the substantive violation alleged in Count 8 (Attempted Possession with Intent to Distribute a Controlled Substance), which Counts are realleged and incorporated herein by reference as though fully set forth in this Count, and which violations were part of a continuing series of violations of the Controlled Substances Act, Title 21, United States Code, Section 801, et seq., undertaken by defendant, CHARLES DUNN, A/K/A SILK, in concert with at least

five other persons with respect to whom CHARLES DUNN, A/K/A SILK, occupied a position of organizer, a supervisory position, and any other position of management, and from which such continuing series of violations the defendant obtained substantial income and resources, all in violation of Title 21, United States Code, Section 848.

## Count Five
### (Possession with Intent to Distribute Controlled Substance
21 U.S.C. § 841(a)(1))

On or about September 28, 2022, in the Northern District of Georgia and elsewhere, the defendant,

CHARLES DUNN A/K/A SILK,

aided and abetted by others known and unknown to the Grand Jury, did knowingly and intentionally possess with intent to distribute a controlled substance, said act involving at least five kilograms of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, pursuant to Title 21, United States Code, Section 841(b)(1)(A), all in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

## Count Six
### (Possession with Intent to Distribute Controlled Substance
21 U.S.C. § 841(a)(1))

On or about February 23, 2023, in the Northern District of Georgia and elsewhere, the defendants,

CHARLES DUNN A/K/A SILK,

AFIBA SMALL JOHN, A/K/A FEEBS,
ERNEST MORDEAU DEAS A/K/A SHORTY, AND
WILLIAM LOWERY III,

aided and abetted by each other, and others known and unknown to the Grand Jury, did knowingly and intentionally possess with intent to distribute a controlled substance, said act involving at least five kilograms of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, pursuant to Title 21, United States Code, Section 841(b)(1)(A), all in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

## Count Seven
### (Possession with Intent to Distribute Controlled Substance
### 21 U.S.C. § 841(a)(1))

Between on or about February 18, 2023, and on or about February 25, 2023, in the Northern District of Georgia, the defendants,

CHARLES DUNN, A/K/A SILK,
ROYCE COBB, A/K/A RAPP, AND
ADAN MACEDO-RIOS,

aided and abetted by each other, and others known and unknown to the Grand Jury, did knowingly and intentionally possess with intent to distribute a controlled substance, said act involving at least 500 grams of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, pursuant to Title 21, United States Code, Section 841(b)(1)(B), all in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

## Count Eight
### (Attempted Possession with Intent to Distribute Controlled Substance
### 21 U.S.C. § 841(a)(1))

Between on or about February 26, 2023, and on or about March 9, 2023, in the Northern District of Georgia, the defendants,

CHARLES DUNN A/K/A SILK,
ADAN MACEDO-RIOS, AND
AFIBA SMALL JOHN, A/K/A FEEBS,

aided and abetted by each other, and others known and unknown to the Grand Jury, did knowingly and intentionally attempt to possess with intent to distribute a controlled substance, said act involving:

- at least five kilograms of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, pursuant to Title 21, United States Code, Section 841(b)(1)(A), as to defendants CHARLES DUNN, A/K/A SILK, AND ADAN MACEDO-RIOS, and

- at least 500 grams of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, pursuant to Title 21, United States Code, Section 841(b)(1)(B), as to defendant AFIBA SMALL JOHN, A/K/A FEEBS,

all in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

8

## Count Nine
### (Possession with Intent to Distribute Controlled Substance
### 21 U.S.C. § 841(a)(1))

On or about March 5, 2023, in the Northern District of Georgia, the defendants,

CHARLES DUNN A/K/A SILK, AND
ADAN MACEDO-RIOS,

aided and abetted by each other, and others known and unknown to the Grand Jury, did knowingly and intentionally possess with intent to distribute a controlled substance, said act involving at least 500 grams of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, pursuant to Title 21, United States Code, Section 841(b)(1)(B), all in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

## Count Ten
### (Possession with Intent to Distribute Controlled Substance
### 21 U.S.C. § 841(a)(1))

On or about March 9, 2023, in the Northern District of Georgia, the defendant,

ALBERTO ALEJANDRO TRUJILLO-GARCIA,

aided and abetted by others known and unknown to the Grand Jury, did knowingly and intentionally possess with intent to distribute a controlled substance, said act involving at least five kilograms of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, pursuant to Title 21, United States Code, Section 841(b)(1)(A), all in violation of

9

Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

## Count Eleven
### (Possession with Intent to Distribute Controlled Substance
### 21 U.S.C. § 841(a)(1))

On or about April 1, 2023, in the Northern District of Georgia and elsewhere, the defendant,

ROYCE COBB, A/K/A RAPP,

aided and abetted by others known and unknown to the Grand Jury, did knowingly and intentionally possess with intent to distribute a controlled substance, said act involving at least 5 kilograms of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, pursuant to Title 21, United States Code, Section 841(b)(1)(A), all in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

## Count Twelve
### (Possession with Intent to Distribute Controlled Substance
### 21 U.S.C. § 841(a)(1))

On or about April 11, 2023, in the Northern District of Georgia and elsewhere, the defendants,

CHARLES DUNN A/K/A SILK,
AFIBA SMALL JOHN, A/K/A FEEBS, AND
JAMES VEREEN, A/K/A BONE,

aided and abetted by each other, and others known and unknown to the Grand Jury, did knowingly and intentionally possess with intent to distribute a

controlled substance, said act involving at least five kilograms of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, pursuant to Title 21, United States Code, Section 841(b)(1)(A), all in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

**Count Thirteen**
**(Possession with Intent to Distribute Controlled Substance**
**21 U.S.C. § 841(a)(1))**

On or about June 25, 2023, in the Northern District of Georgia, the defendants,

CHARLES DUNN A/K/A SILK,
ADAN MACEDO-RIOS,
STEPHEN ALLEN, AND
LUIS MENDEZ,

aided and abetted by each other, and others known and unknown to the Grand Jury, did knowingly and intentionally possess with intent to distribute a controlled substance, said act involving:

- at least five kilograms of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, pursuant to Title 21, United States Code, Section 841(b)(1)(A), as to defendants CHARLES DUNN, A/K/A SILK, AND ADAN MACEDO-RIOS, and

- at least 500 grams of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, pursuant to Title 21, United States Code, Section 841(b)(1)(B), as to defendants STEPHEN ALLEN, AND LUIS MENDEZ,

11

all in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

## Count Fourteen
### (Possession with Intent to Distribute Controlled Substance
### 21 U.S.C. § 841(a)(1))

On or about June 28, 2023, in the Northern District of Georgia and elsewhere, the defendants,

CHARLES DUNN A/K/A SILK, AND
REYNAUD CHANDLER, A/K/A FREEZE,

aided and abetted by each other, and others known and unknown to the Grand Jury, did knowingly and intentionally possess with intent to distribute a controlled substance, said act involving at least 500 grams of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, pursuant to Title 21, United States Code, Section 841(b)(1)(B), all in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

## Count Fifteen
### (Possession with Intent to Distribute Controlled Substance
### 21 U.S.C. § 841(a)(1))

On or about June 28, 2023, in the Northern District of Georgia and elsewhere, the defendants,

CHARLES DUNN A/K/A SILK, AND
DWIGHT DICKERSON, A/K/A/ D-LITE,

aided and abetted by each other, and others known and unknown to the Grand Jury, did knowingly and intentionally possess with intent to distribute a

12

controlled substance, said act involving at least 500 grams of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, pursuant to Title 21, United States Code, Section 841(b)(1)(B), all in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

### Count Sixteen
### (Possession with Intent to Distribute Controlled Substance
### 21 U.S.C. § 841(a)(1))

Between on or about July 5, 2023, and on or about July 7, 2023, in the Northern District of Georgia, the defendants,

CHARLES DUNN A/K/A SILK,
ADAN MACEDO-RIOS, AND
LUIS MENDEZ,

aided and abetted by each other, and others known and unknown to the Grand Jury, did knowingly and intentionally possess with intent to distribute a controlled substance, said act involving:

- at least five kilograms of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, pursuant to Title 21, United States Code, Section 841(b)(1)(A), as to defendants CHARLES DUNN, A/K/A SILK, AND ADAN MACEDO-RIOS, and

- at least 500 grams of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, pursuant to Title 21, United States Code, Section 841(b)(1)(B), as to defendant LUIS MENDEZ,

13

all in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

## Count Seventeen
### (Possession with Intent to Distribute Controlled Substance 21 U.S.C. § 841(a)(1))

On or about July 11, 2023, in the Northern District of Georgia and elsewhere, the defendants,

CHARLES DUNN A/K/A SILK, AND
LETICIA EVANS DUNN,

aided and abetted by each other, and others known and unknown to the Grand Jury, did knowingly and intentionally possess with intent to distribute a controlled substance, said act involving:

- at least 40 grams of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide (fentanyl), a Schedule II controlled substance, pursuant to Title 21, United States Code, Section 841(b)(1)(B), as to defendant CHARLES DUNN, A/K/A SILK,

- a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide (fentanyl), a Schedule II controlled substance, pursuant to Title 21, United States Code, Section 841(b)(1)(C), as to defendant LETICIA EVANS DUNN,

- a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, pursuant to Title 21, United States Code,

14

Section 841(b)(1)(C), as to defendants CHARLES DUNN, A/K/A SILK AND LETICIA EVANS DUNN,

all in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

## Count Eighteen
### (Felon in Possession of Firearm
### 18 U.S.C. § 922(g))

On or about July 11, 2023, in the Northern District of Georgia, the defendant,

ADAN MACEDO-RIOS,

knowing he had previously been convicted of at least one of the following felony offenses:

- Reentry of a removed alien, in the United States District Court for the District of New Mexico, on or about March 27, 2014, and

- Manufacture, sale, or distribution of a Schedule I, II, or III drug, in the Superior Court of Douglas County, Georgia, on or about April 27, 2017,

each of which was a crime punishable by imprisonment for a term exceeding one year, did knowingly possess at least one of the following firearms in and affecting interstate and foreign commerce, that is, one Colt Government model .38 Super Caliber semiautomatic pistol, and one Ruger model SR-22 .22 caliber semiautomatic pistol, all in violation of Title 18, United States Code, Section 922(g)(1).

15

## Count Nineteen
### (Possession of Firearm by Alien Unlawfully in United States
### 18 U.S.C. § 922(g))

On or about July 11, 2023, in the Northern District of Georgia, the defendant,

ADAN MACEDO-RIOS,

knowing that he was an alien illegally and unlawfully in the United States, did knowingly possess at least one of the following firearms in and affecting interstate and foreign commerce, that is, one Colt Government model .38 Super Caliber semiautomatic pistol, and one Ruger model SR-22 .22 caliber semiautomatic pistol, all in violation of Title 18, United States Code, Section 922(g)(5)(A).

## Count Twenty
### (Possession with Intent to Distribute Controlled Substance
### 21 U.S.C. § 841(a)(1))

On or about July 18, 2023, in the Northern District of Georgia and elsewhere, the defendant,

ROYCE COBB, A/K/A RAPP,

aided and abetted by others known and unknown to the Grand Jury, did knowingly and intentionally possess with intent to distribute a controlled substance, said act involving:

- at least 40 grams of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide (fentanyl), a Schedule II controlled substance, pursuant to Title 21, United States Code, Section 841(b)(1)(B), and

16

- at least 50 grams of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, pursuant to Title 21, United States Code, Section 841(b)(1)(B),

all in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

## Count Twenty-One
### (Possession of Firearm in Furtherance of Drug Trafficking Crime
### 18 U.S.C. § 924(c))

On or about July 18, 2023, in the Northern District of Georgia, the defendant,

ROYCE COBB, A/K/A RAPP,

did knowingly possess a firearm, that is, a FN Herstal model Five-Seven 5.7x28 caliber semi-automatic pistol, in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, possession with intent to distribute a controlled substance, as alleged in Count Twenty of this First Superseding Indictment, all in violation of Title 18, United States Code, Section 924(c)(1)(A).

## Count Twenty-Two
### (Felon in Possession of Firearm
### 18 U.S.C. § 922(g))

On or about July 18, 2023, in the Northern District of Georgia, the defendant,

ROYCE COBB, A/K/A RAPP,

knowing he had previously been convicted of at least one of the following felony offenses:

17

- Trafficking in cocaine, possession of a firearm by a convicted felon, in the Superior Court of Fulton County, Georgia, on or about January 30, 2012,

- Trafficking in marijuana, trafficking in cocaine, possession of a firearm by a convicted felon, possession of a firearm during commission of a felony, identity fraud, criminal use of an article with an altered identification mark, and theft by receiving stolen property in the Superior Court of Fulton County, Georgia on or about January 30, 2012, and

- Attempt to traffic in cocaine in the Superior Court Division of Iredell County, North Carolina on or about December 17, 2010,

each of which was a crime punishable by imprisonment for a term exceeding one year, did knowingly possess the following firearm in and affecting interstate and foreign commerce, that is, one FN Herstal model Five-Seven 5.7x28 caliber semi-automatic pistol, all in violation of Title 18, United States Code, Section 922(g)(1).

## Count Twenty-Three
### (Money Laundering Conspiracy
### 18 U.S.C. § 1956(h))

Beginning on a date unknown, but at least as of in or about April 2022, and continuing until in or about July 2023, in the Northern District of Georgia and elsewhere, the defendants,

ADAN MACEDO-RIOS, AND
DAISY MACEDO-RIOS,

did knowingly combine, conspire, confederate, agree and have a tacit understanding with each other, and with others known and unknown to the

Grand Jury, to commit certain offenses under Title 18, United States Code, Sections 1956 and 1957, as follows:

- to knowingly conduct and attempt to conduct financial transactions in and affecting interstate and foreign commerce, which transactions involved the proceeds of a specified unlawful activity, that is, the distribution of controlled substances, and, while conducting and attempting to conduct such financial transactions, knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, and knowing the transactions were designed in whole and in part, to conceal and disguise the nature, source, ownership, and control of proceeds of such unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i),

- to knowingly engage in a monetary transaction by, through, and to financial institutions, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, such property having been derived from a specified unlawful activity, that is, the distribution of controlled substances, in violation of Title 18, United States Code, Section 1957,

all in violation of Title 18, United States Code, Section 1956(h).

19

## Count Twenty-Four
### (Money Laundering Transaction - Concealment
### 18 U.S.C. § 1956(a)(1))

On or about May 27, 2022, in the Northern District of Georgia and elsewhere, the defendants,

ADAN MACEDO-RIOS, AND
DAISY MACEDO-RIOS,

aided and abetted by each other and others known and unknown to the Grand Jury, did knowingly conduct a financial transaction, to wit, a wire transfer of $85,326.27 from Wells Fargo account number ending in x0448, affecting interstate and foreign commerce, which involved the proceeds of a specified unlawful activity, that is, the distribution of controlled substances, and that while conducting such financial transaction, knowing that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, and knowing that the transaction was designed in whole and in part to conceal and disguise the nature, source, ownership, and control of proceeds of such unlawful activity, all in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i) and Section 2.

## Count Twenty-Five
### (Money Laundering Transaction
### 18 U.S.C. § 1957)

On or about May 27, 2022, in the Northern District of Georgia and elsewhere, the defendants,

ADAN MACEDO-RIOS, AND
DAISY MACEDO-RIOS,

20

aided and abetted by each other and others known and unknown to the Grand Jury, did knowingly engage and attempt to engage in a monetary transaction by, through, and to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, that is a wire transfer of $85,326.27 from Wells Fargo account number ending in x0448, such property having been derived from a specified unlawful activity, that is, the distribution of controlled substances, all in violation of Title 18, United States Code, Section 1957 and Section 2.

### Count Twenty-Six
### (Money Laundering Conspiracy
### 18 U.S.C. § 1956(h))

Beginning on a date unknown, but at least as of in or about January 2022, and continuing until in or about July 2023, in the Northern District of Georgia and elsewhere, the defendants,

CHARLES DUNN, A/K/A SILK, AND
JAMES VEREEN, A/K/A BONE,

did knowingly combine, conspire, confederate, agree and have a tacit understanding with each other and with others known and unknown to the Grand Jury, to commit certain offenses under Title 18, United States Code, Sections 1956 and 1957, as follows:

- to knowingly conduct and attempt to conduct financial transactions in and affecting interstate and foreign commerce, which transactions involved the proceeds of a specified unlawful activity, that is, the distribution of controlled substances, and, while conducting and

21

attempting to conduct such financial transactions, knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, and knowing the transactions were designed in whole and in part, to conceal and disguise the nature, source, ownership, and control of proceeds of such specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i), and

- to knowingly engage in a monetary transaction by, through, and to financial institutions, affecting interstate commerce and foreign commerce, in criminally derived property of a value greater than $10,000, such property having been derived from a specified unlawful activity, that is, the distribution of controlled substances, in violation of Title 18, United States Code, Section 1957,

all in violation of Title 18, United States Code, Section 1956(h).

### Count Twenty-Seven
### (Money Laundering Transaction - Concealment
### 18 U.S.C. § 1956(a)(1))

On or about June 6, 2023, in the Northern District of Georgia, the defendant,

CHARLES DUNN, A/K/A SILK,

aided and abetted by others known and unknown to the Grand Jury, did knowingly conduct a financial transaction, to wit, a deposit of $15,888 to Wells Fargo account number ending in x1354, affecting interstate and foreign commerce, which involved the proceeds of a specified unlawful activity, that is,

22

the distribution of controlled substances, and that, while conducting such financial transaction, knowing that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, and knowing that the transaction was designed in whole and in part to conceal and disguise the nature, source, ownership, and control of proceeds of such unlawful activity, all in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i) and Section 2.

## Count Twenty-Eight
## (Money Laundering Transaction
## 18 U.S.C. § 1957)

On or about June 6, 2023, in the Northern District of Georgia and elsewhere, the defendant,

CHARLES DUNN, A/K/A SILK,

aided and abetted by others known and unknown to the Grand Jury, did knowingly engage and attempt to engage in a monetary transaction by, through, and to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, that is a deposit of $15,888 to Wells Fargo account number ending in x1354, such property having been derived from a specified unlawful activity, that is, the distribution of controlled substances, all in violation of Title 18, United States Code, Section 1957 and Section 2.

## Count Twenty-Nine
## (Money Laundering Transaction - Concealment
## 18 U.S.C. § 1956(a)(1))

On or about July 5, 2023, in the Northern District of Georgia, the defendant,

CHARLES DUNN, A/K/A SILK,

aided and abetted by others known and unknown to the Grand Jury, did knowingly conduct a financial transaction, to wit, a deposit of $5,000 in cash to Wells Fargo account number ending in x1354, affecting interstate and foreign commerce, which involved the proceeds of a specified unlawful activity, that is, the distribution of controlled substances, and that, while conducting such financial transaction, knowing that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, and knowing that the transaction was designed in whole and in part to conceal and disguise the nature, source, ownership, and control of proceeds of such unlawful activity, all in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i) and Section 2.

### Prior Conviction Notice

Before the defendant, CHARLES DUNN, A/K/A SILK, committed the offenses charged in Counts One, Three, Five through Nine, and Twelve through Seventeen, of this First Superseding Indictment, CHARLES DUNN, A/K/A SILK was convicted of:

(a) conspiracy to distribute controlled substances, in violation of Title 21, United States Code, Section 846, the distribution of controlled substances, in

violation of Title 21, United States Code, Section 841, and engaging in a continuing criminal enterprise, in violation of Title 21, United States Code, Section 848, on or about September 4, 1992, in the United States District Court for the Southern District of Ohio, serious drug felonies, for which he served more than 12 months of imprisonment and was released from any term of imprisonment within 15 years of the commencement of the instant offense, and

(b) use of firearms during and in relation to drug trafficking crimes, in violation of Title 18, United States Code, Section 924(c), on or about September 4, 1992, in the United States District Court for the Southern District of Ohio, a serious violent felony, for which he served more than 12 months of imprisonment and was released from any term of imprisonment within 15 years of the commencement of the instant offenses.

Before the defendant, CHARLES DUNN, A/K/A SILK, committed the offense charged in Count Four of this First Superseding Indictment, CHARLES DUNN, A/K/A SILK, was convicted under Title 21, United States Code, Section 848, on or about September 4, 1992, in the United States District Court for the Southern District of Ohio.

Before the defendant, ROYCE COBB, A/K/A RAPP, committed the offenses charged in Counts One, Seven, Eleven, and Twenty of this First Superseding Indictment, ROYCE COBB, A/K/A RAPP, was convicted of trafficking cocaine and marijuana, on or about January 30, 2012, in the Superior Court of Fulton County, Georgia, a serious drug felony, for which he served more than 12 months of

imprisonment and was released from any term of imprisonment within 15 years of the commencement of the instant offenses.

Before the defendant, ERNEST MORDEAU DEAS, A/K/A SHORTY, committed the offenses charged in Counts One, Three, and Six of this First Superseding Indictment, ERNEST MORDEAU DEAS, A/K/A SHORTY, was convicted of conspiracy to possess with the intent to distribute controlled substances, in violation of Title 21, United States Code, Section 846, and possession with intent to distribute controlled substances, in violation of Title 21, United States Code, Section 841, on or about January 18, 2006, in the United States District Court for the District of South Carolina, serious drug felonies, for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment within 15 years of the commencement of the instant offenses.

Before the defendant, WILLIAM LOWERY III, committed the offenses charged in Counts One and Six of this First Superseding Indictment, WILLIAM LOWERY III, was convicted of conspiracy to possess with the intent to distribute controlled substances, in violation of Title 21, United States Code, Section 846, and possession with intent to distribute controlled substances, in violation of Title 21, United States Code, Section 841, on or about January 26, 2006, in the United States District Court for the District of South Carolina, serious drug felonies, for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment within 15 years of the commencement of the instant offenses.

26

Before the defendant, DWIGHT DICKERSON, A/K/A/ D-LITE, committed the offenses charged in Counts One and Fifteen of this First Superseding Indictment, DWIGHT DICKERSON, A/K/A/ D-LITE, was convicted of conspiracy to possess with the intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 846, on or about September 18, 1996, in the United States District Court for the Southern District of Alabama, a serious drug felony, for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment within 15 years of the commencement of the instant offenses.

Before the defendant, JAMES VEREEN, A/K/A BONE, committed the offenses charged in Counts One and Twelve of this First Superseding Indictment, JAMES VEREEN, A/K/A BONE, was convicted of possession with the intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841, on or about December 20, 2006, in the United States District Court for the Southern District of Georgia, a serious drug felony, for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment within 15 years of the commencement of the instant offenses.

**Forfeiture**

Upon conviction of the offenses alleged in Count One, Three through Seventeen, and Twenty of this First Superseding Indictment, the defendants,

CHARLES DUNN, A/K/A SILK,
ROYCE COBB, A/K/A RAPP,
ADAN MACEDO-RIOS,
ALBERTO ALEJANDRO TRUJILLO-GARCIA,
AFIBA SMALL JOHN, A/K/A FEEBS,
STEPHEN ALLEN,
ERNEST MORDEAU DEAS, A/K/A SHORTY,
WILLIAM LOWERY III,
JAMES VEREEN, A/K/A BONE,
DWIGHT DICKERSON, A/K/A/ D-LITE,
REYNAUD CHANDLER, A/K/A FREEZE,
LUIS MENDEZ, AND
LETICIA EVANS DUNN,

shall forfeit to the United States of America, pursuant to Title 21, United States Code, Section 853, any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of said violations and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of said violations, including but not limited to, the following:

(a) MONEY JUDGMENT: A sum of money in United States currency representing the amount of proceeds obtained as a result of each offense, or conspiracy to commit such offense, alleged in Counts One Three through Seventeen, and Count Twenty of this First Superseding Indictment.

28

(b)    CURRENCY:

    a.  $120,251.00 in United States currency seized from CHARLES DUNN, A/K/A SILK on or about July 11, 2023.

    b.  $110,920.00 in United States currency seized from ROYCE COBB, A/K/A RAPP, on or about July 18, 2023.

    c.  $161,604.00 in United States currency seized from ROYCE COBB, A/K/A RAPP, on or about July 18, 2023.

(c)    FUNDS:

    a.  $546,693.39 in funds seized from the Wells Fargo bank account number ending in x1354.

    b.  $80,884.10 in funds seized from the Wells Fargo bank account number ending in x9366.

    c.  $7,069.56 in funds seized from the Wells Fargo bank account number ending in x8190.

    d.  $20,464.47 in funds seized from the Chase bank account number ending in x9100.

(d)    VEHICLES:

    a.  One 1989 Chevrolet GMT-400 C1500 Truck, VIN 1GCDC14K0KZ126609, seized from ROYCE COBB, A/K/A RAPP on or about July 18, 2023.

    b.  One 2019 Mercedes Benz AMG GT 63S 4S, VIN WDD7X8KB0KA008013, seized from ROYCE COBB, A/K/A RAPP on or about July 18, 2023.

(e)    JEWELRY:

  a. One Men's 14KT Yellow Gold Diamond Ring seized from CHARLES DUNN, A/K/A SILK, on or about July 11, 2023.

  b. One Men's Yellow Gold Diamond Cuban Bracelet seized from CHARLES DUNN, A/K/A SILK, on or about July 11, 2023.

  c. One Men's 10KT Yellow Gold Gucci Link Diamond Bracelet seized from CHARLES DUNN, A/K/A SILK, on or about July 11, 2023.

  d. One Men's 14KT Yellow Gold Diamond Ring seized from CHARLES DUNN, A/K/A SILK, on or about July 11, 2023.

  e. One 18KT Two Tone Diamond Ring seized from CHARLES DUNN, A/K/A SILK, on or about July 11, 2023.

  f. One Brass Versace Design Medusa Dog Tag Pendant Necklace with Smaller Second Medusa Medallion seized from CHARLES DUNN, A/K/A SILK, on or about July 11, 2023.

  g. One Diamond Iced Out Rolex Datejust with 41 Round Diamonds seized from CHARLES DUNN, A/K/A SILK, on or about July 11, 2023.

  h. One Rolex Datejust 36MM Stainless Steel Watch with Diamond Bezel 41 Round Diamonds seized from CHARLES DUNN, A/K/A SILK, on or about July 11, 2023.

(f)    FIREARMS:

a. One .45 Smith & Wesson M2.0 firearm with serial number NLK62313.

Upon conviction of the offense alleged in Count Two of this First Superseding Indictment, the defendants,

CHARLES DUNN, A/K/A SILK,
ADAN MACEDO-RIOS, AND
AFIBA SMALL, A/K/A FEEBS,

shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, any property, real or personal, constituting or derived from proceeds traceable to said violation, including but not limited to, the following:

(a) MONEY JUDGMENT: A sum of money in United States currency representing the amount of proceeds obtained as a result of each offense, or conspiracy to commit such offense, alleged in Count Two of this First Superseding Indictment.

Upon conviction of one or more of the offenses alleged in Counts Eighteen, Nineteen, Twenty-One, and Twenty-Two of the First Superseding Indictment, the defendants,

ADAN MACEDO-RIOS, AND
ROYCE COBB, A/K/A RAPP,

shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), any firearms and ammunition involved in or used in the commission of the offenses.

Upon conviction of one or more of the offenses alleged in Counts Twenty-Three through Twenty-Nine of this First Superseding Indictment, the defendants,

ADAN MACEDO-RIOS,
DAISY MACEDO-RIOS,
CHARLES DUNN, A/K/A SILK, AND
JAMES VEREEN, A/K/A BONE,

shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(1), any property, real or personal, involved in such offenses, or any property traceable to such property, including, but not limited to, the following:

(a) MONEY JUDGMENT: A sum of money in United States currency, representing the amount of property obtained as a result of the offenses alleged in Counts Twenty-Three through Twenty-Nine of this First Superseding Indictment.

(b) FUNDS:

    i.   $20,464.47 in funds seized from the Chase Bank account number ending 9100.

If, any of the property described above, as a result of any act or omission of the defendants:

(a)    cannot be located upon the exercise of due diligence,

(b)    has been transferred or sold to, or deposited with, a third party,

(c)    has been placed beyond the jurisdiction of the court,

(d)    has been substantially diminished in value, or

(e)     has been commingled with other property which cannot be divided without difficulty,

the United States of America intends, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of said defendants up to the value of the forfeitable property.

A _____Trıe_____ BILL

_____
FOREPERSON

RYAN K. BUCHANAN
*United States Attorney*

JOHN T. DEGENOVA
*Assistant United States Attorney*
Georgia Bar No. 940689

*Rebeca M. Ojeda*
REBECA M. OJEDA
*Assistant United States Attorney*
Georgia Bar No. 713997

600 U.S. Courthouse
75 Ted Turner Drive SW
Atlanta, GA 30303
404-581-6000